IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RUSSELL D. EDWARDS and
CYNTHIA EDWARDS,

      Plaintiffs,

v.                                              Case No.:  3:12-cv-03269

ARCTIC CAT, INC., et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Compel Discovery Responses. (ECF No. 44). Defendants have filed a response to the motion, and Plaintiffs have replied. (ECF Nos. 48, 50). Having carefully reviewed the memoranda, the undersigned finds that oral argument is unnecessary. For the reasons that follow, Plaintiffs' Motion to Compel is **GRANTED** as set forth below.

This action arises from an accident that occurred when Plaintiff, Russell Edwards, was operating a 2008 Arctic Cat Prowler XTX 700 H1 Limited Edition utility terrain vehicle designed, manufactured, and distributed by Defendants. According to Plaintiffs, a cast aluminum rear suspension knuckle failed while Mr. Edwards was driving the vehicle, causing it to flip over. Mr. Edwards suffered severe physical injuries including numerous broken bones, lacerations, and head and brain trauma. Plaintiffs allege strict liability, defects in design and manufacturing, breach of warranty, and a failure to warn. They seek compensatory and punitive damages.

In the course of discovery, Plaintiffs learned that the cast aluminum knuckle in question, identified as Part No. 0504-389, was manufactured and supplied to Defendants by a third-party corporation, DEE, Inc. Plaintiffs now believe that DEE, Inc. was negligent in its manufacturing of the knuckle by allowing foreign materials to enter the casting process, resulting in metallurgical defects.

On December 6, 2012, Plaintiffs served interrogatories and requests for production of documents on Defendants. After receiving Defendants' responses, Plaintiffs raised concerns regarding their sufficiency. The parties discussed the issues, but eventually agreed to defer further discovery and pursue early mediation. Unfortunately, mediation was unsuccessful; therefore, the parties revisited the outstanding discovery issues. When their disputes could not be resolved, Plaintiffs filed the instant motion to compel. Two days before filing a response to the motion, Defendants served Plaintiffs with supplemental answers. Plaintiffs were instructed by the Court to review the supplemental answers and notify the Court of any remaining discovery concerns.

Plaintiffs raise several unresolved matters. First, Plaintiffs take issue with general objections asserted by Defendants, arguing that the objections are improper and frustrate the purpose of discovery. Next, Plaintiffs complain that Defendants refuse to produce available information regarding failures of their off-road vehicles caused by cast aluminum knuckles. Finally, Plaintiffs contend that Defendants have improperly redacted customer information from warranty claim documents and have failed to produce materials regarding tests or studies performed by Defendants on the effectiveness of warnings and instructions intended for users of the Arctic Cat Prowler. The Court addresses each issue in turn.

## I. General Objections

When objecting to appropriate discovery requests, a party must do more than assert non-specific, generic objections. *Mainstreet Collections, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238 (E.D.N.C. 2010). General objections, without more, simply do not satisfy the "burden of the responding party under the Federal Rules of Civil Procedure to justify objections," because they "cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Hager v. Graham,* 267 F.R.D. 486, 492 (N.D.W.Va. 2010), *quoting Convertino v. U.S. Dept. of Justice,* 565 F.Supp.2d 10, 13 (D.D.C. 2008); *see, also, Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W.Va. 2009). Consequently, a party resisting a discovery request on the ground that it is "overly broad," "burdensome," "vague," or "oppressive" is required to explain precisely why the request is unreasonable. In the case of burdensomeness, the party must also produce evidence, such as affidavits, detailing the anticipated time and expense involved in responding to the discovery request. *Convertino,* 565 F.Supp.2d at 14.

In this case, Defendants objected to the majority of Plaintiffs' discovery requests, asserting that the requests sought information outside the scope of permissible discovery and were unduly broad, burdensome, vague, and ambiguous. Defendants occasionally raised relevancy, the attorney-client privilege, and the work product doctrine as well. In some answers, Defendants supplied a brief explanation of their specific concern with the request, and in others, Defendants did not. Accordingly, in many of their responses, Defendants failed to state objections with sufficient specificity to comply with the discovery rules.

Having reviewed the requests and the responses, the Court **OVERRULES** all of Defendants' objections of burdensomeness in light of Defendants' failure to supply supporting evidence. Likewise, Defendants' objections that requests are vague or ambiguous are **OVERRULED** because Defendants interpreted the requests and answered them. Finally, Defendants' objections based on the attorney-client privilege and work-product doctrine are **OVERRULED** *to the extent* that Defendants have not supplied a privilege log consistent with the requirements of Fed.R.Civ.P. 26(b)(5). Therefore, it is hereby **ORDERED** that Defendants shall provide Plaintiffs with any information withheld by Defendants on the basis of these general objections within **twenty (20) days** of the date of this Order. If Defendants have not withheld any information on these particular grounds, then they shall so inform the Plaintiffs in writing.

## II. Scope of Discovery

Much of Plaintiffs' discovery seeks information regarding all cast aluminum knuckles used by Defendants in all models of their off-road vehicles. In particular, Plaintiffs inquire about complaints, accidents, warranty claims, failures, malfunctions, risk assessments, internal discussions, and safety issues concerning "cast aluminum knuckles used on Arctic Cat machines." Plaintiffs contend that this information is relevant for several reasons. First, the exact same knuckle assembly, Part No. 0504-389, was used on other models of Arctic Cat off-road vehicles. Second, it appears that other cast aluminum knuckles manufactured by DEE, Inc. were used in Arctic Cat Prowlers. Therefore, evidence of additional failures in Part No. 0504-389 or in other cast aluminum knuckles manufactured by DEE, Inc. supports Plaintiffs' claim of a defective manufacturing process. Finally, at some point after Mr. Edwards's accident,

Defendants switched from cast aluminum knuckles to forged steel knuckles. Consequently, evidence of other cast aluminum knuckle failures is relevant for purposes of causation, notice of defect, and punitive damages.

Defendants, on the other hand, contend that these requests are overly broad, arguing that Plaintiffs are only entitled to information regarding Part No. 0504-389 and only as it was used in the Arctic Cat Prowler. According to Defendants, discovery of other accidents, failures, and claims in a federal product liability action is strictly limited by the "substantial similarity" doctrine. Under this doctrine, evidence of other incidents may only be discovered when the products involved are the same, the alleged defect is similar, causation in the cases are related to the defect, and all reasonable secondary explanations for the incidents have been excluded. Defendants assert that the substantial similarity doctrine prohibits Plaintiffs from collecting information about other models of utility terrain vehicles (UTV) or any of Defendants' all-terrain vehicles (ATV), because they are not the same as the Arctic Cat Prowler XTX 700 H1 Limited Edition utility terrain vehicle used by Mr. Edwards at the time of his accident. In addition, Defendants claim that Plaintiffs are not permitted to investigate all cast aluminum knuckles, or other component parts, because the alleged defect is limited to Part No. 0504-389.

The federal discovery rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevancy in discovery is broad in scope, "such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case." *Carr v. Double T Diner,* 272 F.R.D.431, 433 (D.Md. 2010). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the

5

discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Generally, the burden is on the party resisting discovery to support an objection based on lack of relevancy. *United Oil Co., Inc. v. Parts Associates, Inc.,* 227 F.R.D. 404, 411 (D.Md. 2005).

As Plaintiffs point out, Defendants' reliance on the "substantial similarity" doctrine is misplaced because it applies to the admissibility of evidence at trial rather than the relevancy of information for purposes of discovery. *Bennett v. Segway, Inc.,* Case No. 1:11-cv-09, 2011 WL 4965179, at *2 (W.D.N.C. Oct. 19, 2011). To prevent unfair prejudice to a defendant at trial, the doctrine requires a plaintiff to show that other accidents are substantially similar to the accident at issue before evidence of the other accidents may be presented to a jury. *Id.* However, the demands on the plaintiff are considerably more relaxed in the context of discovery and, clearly, "the defendant should not be the final arbiter of substantial similarity" for the purposes of determining the scope of a plaintiff's discovery requests. *Smith v. Gorilla, Inc.,* Case No. CV-10-17-M-DWM-JCL, 2010 WL 4286246, at *3 (D. Mont. Oct. 21, 2010).

Thus, to justify discovery of other incidents, a plaintiff must make only a threshold showing that the other incidents bear some relationship to the issues of "notice, the magnitude of, the danger involved, the opposing party's ability to correct a known defect; the product's lack of safety for its intended uses ... standard of care, or causation." *Desrosiers v. MAG Indus. Automation Systems, LLC*, 675 F.Supp.2d 598, 602 (D.Md. 2009) (*quoting* 3 LOUIS R. FRUMER & MELVIN I. FRIEDMAN, PRODUCTS LIABILITY § 18. 02[1][b]). It is widely-accepted that discovery of other incidents involving the same or similar claims and the same or similar products is permissible in a products liability action. *United Oil Co., Inc..* 227 F.R.D. at 410 (collecting cases). Moreover, discovery of different products may be proper when the

6

products contain the same injury-producing component as the product at issue. *Id.* at 412. "[C]ourts look to see whether the 'salient characteristics' of the subject incident and prior incident are the same, or whether 'the accidents [ ] have occurred under similar circumstances or share the same cause,' or whether '[d]ifferent models of a product ... share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation.'" *Desrosiers,* 675 F.Supp.2d at 602 (citations omitted).

Here, Plaintiffs claim that a cast aluminum knuckle in their Arctic off-road vehicle failed because it contained metallurgical defects caused by DEE, Inc.'s negligent casting process. Plaintiffs further claim that cast aluminum knuckles manufactured by DEE, Inc., bearing the same part number as the defective knuckle in their vehicle, were placed in other models of Defendants' off-road vehicles. Finally, Plaintiffs claim that other cast aluminum knuckles manufactured by DEE, Inc., regardless of their part numbers, likely were manufactured using the same defective casting process. Given that the quality of DEE, Inc.'s casting process, as it relates to the aluminum knuckle used in Plaintiffs' UTV, and the metallurgical integrity of the knuckles supplied by DEE, Inc. are significant issues to Plaintiffs' claims of design and manufacturing defects, Defendants' knowledge of defects and failure to warn, and to the issues of causation and punitive damages, evidence of other incidents involving the failure of a cast aluminum knuckle manufactured by DEE, Inc. is relevant. Thus, Plaintiffs have met their burden of apparent relevancy under Rule 26. To the contrary, Defendants have failed to show lack of relevance or that the discovery is of "such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery." *United Oil Co., Inc..* 227 F.R.D. at 412.

Nonetheless, the Court agrees with Defendants that requests seeking information about *any* cast aluminum knuckles and about any other component part used in Arctic Cat products is too broad. For that reason, the Court limits the discovery requests to information regarding cast aluminum knuckles manufactured by DEE, Inc. and used in an Arctic Cat ATV or UTV. Defendants are hereby **ORDERED** to serve Plaintiffs with supplemental responses to Interrogatory Nos. 2, 3, 4, 6, 8, 10, 18 and Request for Production of Documents Nos. 1, 2, 3, 4, 17, 18, 20, 21, 22, 23, 28, 42, 46, 50, 55, 56, 87, 88, 89, 91, 92, 96, and 97, as limited, within **twenty (20) days** of the date of this Order.

### III. Remaining Issues

Plaintiffs complain that Defendants unilaterally redacted customer names and contact information from warranty records that were produced subject to a protective order. Plaintiffs argue that they are entitled to this information. Defendants do not address the redactions in their responsive memorandum.

As previously stated, discovery may be obtained regarding any non-privileged matter that is relevant to a party's claims or defenses. This includes discovery of the identity and location of persons who know of any discoverable matter. Defendants do not assert that the identity of customers making warranty claims is privileged, and Defendants have provided no other basis for limiting Plaintiffs' right to that discovery. *See Middleton v. Nissan Motor Company, L.T.D.,* Case No. 7:10-2529-MGL, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012). Accordingly, within **twenty (20) days** of the date of this Order, Defendants shall provide Plaintiffs with an unredacted copy of the warranty information. The customers' information shall be kept confidential pursuant to the protective order.

Finally, Plaintiffs seek an order compelling Defendants to respond to Request for Production of Documents No. 35 regarding any tests or studies performed by Defendants to evaluate the effectiveness of their instructions and warnings to vehicle users. According to Plaintiff, Defendants failed to answer the request and simply stated that the warnings and instructions were based on publically available standards. Merely stating that the response to a discovery request can be found in the public domain is insufficient. In addition, it does not appear that Defendants responded to the actual request made by Plaintiffs. Therefore, within **twenty (20) days** of the date of the Order, Defendants shall fully respond to Request for Production of Documents No. 35, providing Plaintiffs with any studies or testing relied upon or performed by Defendants relating to the effectiveness of its warnings and instructions.

IV.     **Attorneys Fee and Costs**

Plaintiffs argue that they are entitled to an award of reasonable expenses pursuant to Fed.R.Civ.P. 37(d)(3) and Fed.R.Civ.P. 37(a)(5)(A). Therefore, it is hereby **ORDERED** that Plaintiffs shall have through and including **August 20, 2013** in which to file an affidavit of reasonable fees and expenses incurred in making the motion to compel, as well as any supportive documentation or argument to justify the award and the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). In addition, Plaintiffs shall advise the Court which of the sanctions set forth in Rule 37(b)(2)(A) they seek to have imposed upon the Defendants and the basis for the particular sanction.

Within **fourteen (14) days** after Plaintiffs have filed the aforementioned documents, Defendants shall file a response. The response shall include any

justification that would obviate against an award of expenses and sanctions, or, in the alternative, shall include a statement identifying the attorney and/or party whose conduct necessitated the motion to compel. Defendants are hereby notified that the failure to file a response may be deemed an admission of or agreement with the representations and arguments of Plaintiffs.

The Clerk is instructed to provide a copy of this Order to any unrepresented party and counsel of record.

**ENTERED:** August 6, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge